UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

|  |  |
|---|---|
| UNITED STATES, | ) )  ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BOYCELIK AMERICA, INC., | ) ) |
| Defendant. | ) ) |

Court No. 26-03338

## **COMPLAINT**

The United States, by and through its undersigned attorneys, hereby brings this action and alleges the following:

1.      This is an action to recover unpaid customs duties, taxes, and fees (including pre-judgment interest) pursuant to 19 U.S.C. § 1592.

2.      This Court possesses exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

3.      At all times relevant to the matters described in this complaint, and upon information and belief, defendant, Boycelik America, Inc. ("Boycelik") was incorporated in the State of New Jersey, with a principal business address of 5625 White Horse Pike, Egg Harbor City, NJ 08215-4008.

4.      During the period between January 5, 2018, through on or about September 26, 2021, Boycelik, as importer of record, caused to be entered or introduced (or attempted to enter or introduce) into the commerce of the United States certain merchandise ("the subject merchandise"), consisting of mattress innerspring units,

specifically pocket and bonnel spring units, manufactured by Boyçelik Metal Sanayi ve Ticaret AS and Serko Yay Sanayi ve Ticaret AS in the Republic of Turkey, under cover of approximately four hundred fifty (450) entries (the "subject entries") filed with U.S. Customs and Border Protection (CBP) at various ports of entry. The subject entries are individually identified in Exhibit A to this complaint.

5.     The subject merchandise was entered or introduced into the commerce of the United States by means of false statements, acts, or omissions. Specifically, when entering the subject merchandise, Boycelik falsely classified the innerspring units as mattress supports under Harmonized Tariff Schedule of the United States (HTSUS) subheading 9404.10.0000 (mattress supports), or, in some instances, under HTSUS 7326.20.0090 (articles of iron or steel wire, other). HTSUS 9404.29.90 (uncovered innerspring units) is the correct classification for the subject entries.

6.     The false statements and/or omissions identified in paragraph 5 above were material in that they had the potential to (and did) impact CBP's determinations regarding the amount of duty owed on the subject entries. As a result of its misclassification of the subject merchandise in the subject entries, Boycelik paid either no duty at all, or a lower duty than it would have paid had it properly classified the subject merchandise under HTSUS 9404.29.90.

7.     Every importer of record must exercise reasonable care in entering merchandise into the United States. *See* 19 U.S.C. § 1484(a)(1). Here, Boycelik's repeated failure to correctly classify the subject merchandise resulted from its failure to exercise reasonable care to ensure that the statements it made in its entries were accurate.

8.    After CBP notified Boycelik in March 2021 that Boycelik's classification might be incorrect, Boycelik, through its broker, specifically acknowledged that its classification under 9404.10.0000 was incorrect, and, as part of the same broker response, Boycelik's foreign manufacturers referenced an *August 2011* CBP classification ruling (NY N175898) in which CBP stated that the applicable subheading for innerspring units would be HTSUS 9404.29.9010, with a 6 percent *ad valorem* duty rate.  Boycelik's manufacturers further confirmed that the subject merchandise was the "same specifications" as the merchandise described in the 2011 ruling letter.

9.    As a result of Boycelik's materially false entries, the United States was deprived of lawful duties in the amount of $600,549.72.  *See* Exhibit A.

10.    On September 27, 2024, CBP issued Boycelik a demand for unpaid actual loss of duties in the amount of $600,549.72 covering 450 entries between January 5, 2018, and September 26, 2021.

11.    To date, Boycelik has not paid any portion of the duties demanded on September 27, 2024.

12.    All administrative notices, petitions for relief, and demands for payment were processed in accordance with applicable laws and procedures.

## COUNT I

13.    The allegations contained in paragraphs 1 through 12 are realleged and incorporated by reference.

14.    19 U.S.C. § 1592 provides, in relevant part, that "no person, by fraud, gross negligence, or negligence . . . may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of . . . any document

or electronically transmitted data or information, written or oral statement, or act which is material and false." 19 U.S.C. § 1592(a). Further, "if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of [19 U.S.C. § 1592(a)], [CBP] shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed." 19 U.S.C. § 1592(d).

15.     The material false statements, acts, or omissions described in paragraphs 4 through 6 above constitute negligent violations of 19 U.S.C. § 1592(a) because they resulted from Boycelik's failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with the subject entries were complete and accurate.

16.     By reason of the negligent violations of 19 U.S.C. § 1592(a) identified above, Boycelik is liable, pursuant to 19 U.S.C. § 1592(d), for the restoration of lawful duties, taxes, and fees of which the United States has been deprived, in the amount of $600,549.72, plus pre-judgment interest and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, the United States respectfully requests that the Court:

(1) enter judgment for the United States against defendant Boycelik America, Inc. in the amount of $600,549.72, pursuant to 19 U.S.C. § 1592(d), plus pre-judgment and post-judgment interest provided by law.

(2) enter judgment for the United States against defendant Boycelik America, Inc., for costs and such other relief as this Court deems just and appropriate.

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

Of Counsel:

KATHERINE L. YARBER
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection

/s/ Daniel A. Hoffman
DANIEL A. HOFFMAN
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Telephone:    (202) 353-0547
Email:Daniel.A.Hoffman@usdoj.gov

Attorneys for Plaintiff

July 23, 2026

5